UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HANSBURY and** | : | |
| **BARBARA ANN HANSBURY, h/w,** | : | |
| | : | |
| Plaintiff | : | C.A. No.: 02-3219 |
| | : | |
| v. | : | |
| | : | |
| **SUREHAUL TRANSPORT, INC.,** | : | **JURY TRIAL DEMANDED** |
| **WILLIAM MALDONADO** | : | |
| **and CHARLES SOLOMON, JR.** | : | **COMPLAINT** |
| | : | |
| Defendants. | : | |

Plaintiffs, Robert Hansbury and Barbara Hansbury, h/w, residing at 3803 Groveland Avenue, Newportville, PA 19056, aver as follows:

## PARTIES

1. Plaintiffs, Robert Hansbury and Barbara Hansbury, h/w, are adult individuals, and at all times material hereto, are both adult citizen of the Commonwealth of Pennsylvania, residing at 3803 Groveland Avenue, Newportville, PA 19056.

2. Defendant, Charles Solomon, Jr. (Solomon), is an adult individual, residing at 711 Southeast Avenue, Apt. 3, Vineland, NJ 08360.

3. Defendant, Surehaul Transport, Inc. (Surehaul), is upon information and belief a New Jersey corporation or other business entity which has its principal place of business at P.O,. Box 329, Clarksboro, NJ 08020.

4. Defendant, William Maldonado (Maldonado), is upon information and belief an individual and/or a fictitious name of a business entity which has its place of residence and/or

1

principal place of business at 503 N. 2nd Street, Vineland, NJ 08360.

5. At all times material hereto, the defendants Surehaul and/or Maldonado did own and possess a certain commercial tractor trailer (Tractor Trailer) which was involved in a motor vehicle incident as hereinafter set forth.

6. At all times material hereto, the defendant Solomon did control and/or operate the Tractor Trailer which was involved in the motor vehicle incident as hereinafter set forth.

7. Jurisdiction is proper in this matter under Title 28, United States Code, Section 1332, in that there is complete diversity of citizenship among the parties, and the amount at issue is in excess of $75,000.00, exclusive of costs and interest.

8. Venue is proper in this matter pursuant to Title 28, United States Code, Section 1391(a), in that the situs of plaintiff's accident occurred within the City of Philadelphia, Pennsylvania.

**COUNT - NEGLIGENCE**
**ROBERT HANSBURY v. ALL NAMED DEFENDANTS**

9. The averments of paragraphs one through eight, inclusive, are incorporated herein as if the same were fully set forth at length.

10. On or about July 27, 2000, at approximately 1:30 p.m., plaintiff, Robert Hansbury was engaged in the course and scope of his employment with Weber Display & Packing (Weber), when he sustained serious personal injuries in an accident while operating a forklift, as set forth herein.

11. The accident as hereinafter described occurred at the Weber loading yard, located

at 3500 Richmond Street, Philadelphia, PA 19134.  At all relevant times preceding the accident, plaintiff was operating a forklift; loading materials into a trailer situated on what is herein identified as Loading Door #5.

12.    At the aforementioned time and location, it is believed and therefore averred that defendant Charles Solomon, Jr. was provided paperwork by Weber personnel, which confirmed that Solomon was to haul materials in a tractor trailer situated in what is herein identified as Loading Door #6.  Solomon mistakenly and negligently hooked up his tractor to Loading Door #5, instead of the correct Loading Door#6.

13.    At the same time Solomon hooked up his tractor the trailer in Loading Door #5, plaintiff Robert Hansbury was in the process of properly backing his forklift out of the trailer, so that at the precise time that defendant Solomon negligently, carelessly and recklessly pulled the trailer out from Loading Door #5, plaintiff's forklift was partially situated in the rea
r of the trailer and partially situated on the dock.

14.    Solomon's negligent, careless and reckless  act of pulling the trailer out from Loading Door #5, proximately caused plaintiff Robert Hansbury, who remained seated on the forklift via a seatbelt, to fall four (4) feet from the trailer to the ground causing plaintiff to suffer serious and permanent injuries as hereafter set forth.

15.    Plaintiffs believe and therefore aver that at all times pertinent herein, the Tractor Trailer operated by Charles Solomon, Jr., was owned by defendant Surehaul, or alternatively, by defendant Maldonado.

16.    At all times material hereto, the defendant Charles Solomon, Jr., is an adult individual who at all times relevant to this complaint resided at the above captioned address and

who at all times relevant to this complaint was the agent and/or servant and/or workmen and/or employee of the defendant Surehaul and/or the defendant Maldonado.

17. At all times material hereto, upon information and belief, the defendant Surehaul and/or defendant Maldonado are business enterprises, who at all times relevant to this complaint, either individually and/or jointly, through their agents, workmen, employees and/or workmen directed and/or controlled and/or managed the actions of the defendant Charles Solomon, Jr.

18. At all times material hereto, the defendant Charles Solomon, Jr., did control and/or operate the Tractor Trailer, owned and possessed by defendant Surehaul, or alternatively by defendant Maldonado, which was involved in the accident as described in more detail above. It is believed and therefore averred that Defendant Solomon's use, control and/or operation of the motor vehicle as described herein was with the express and/or implied permission of defendant Surehaul and/or defendant Maldonado, given within the scope of their authority.

19. As set forth more in depth herein, at the aforesaid time, date and place, the defendant Solomon, acting as the agent and/or servant and/or workmen and/or employee of the defendant Surehaul and/or defendant Maldonado, operated the subject Tractor Trailer in a negligent, reckless and/or careless manner so as to proximately cause an accident with plaintiff Robert Hansbury.

20. At all material times, plaintiff Robert Hansbury was operating his forklift, and otherwise engaged in his employment duties, in a safe manner, and in accordance with all applicable laws, regulations and ordinances.

21. This accident resulted solely from the negligence, carelessness, and/or recklessness of the defendants Solomon, Surehaul, and/or Maldonado, and was due in no manner

whatsoever to any act or failure to act on the part of plaintiff Robert Hansbury.

22. As a direct result of the careless, negligent and/or reckless conduct of defendants Solomon, Surehaul and Maldonado, plaintiff Robert Hansbury has sustained serious and permanent personal injuries affecting his head, vision, neck, back, left buttocks, and right quadriceps.

23. As a result of these injuries, plaintiff Robert Hansbury has in the past, and is presently suffering great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future, all of which are permanent in nature.

24. As a further result of the carelessness, negligence and/or recklessness of the defendants Solomon, Surehaul and Maldonado, plaintiff Robert Hansbury has suffered emotional injuries along with the physical injuries suffered.

25. As a further result of the injuries sustained by the plaintiff has, is presently, and will in the future undergo a great loss of earnings and/or earning capacity, all to his further loss and detriment.

26. As a direct result of the aforementioned accident, plaintiff Robert Hansbury has, and may hereafter incur financial expenses or losses which do or may exceed amounts which he may otherwise be entitled to recover.

**COUNT II-CONSORTIUM**
**BARBARA ANN HANSBURY v. ALL NAMED DEFENDANTS**

27. Plaintiffs incorporate herein paragraphs 1 through 26 inclusive, as if fully set forth below at length.

28.   Plaintiff Barbara Ann Hansbury is the wife of plaintiff Robert Hansbury, and, as such, has incurred expenses for the treatment of her husband's injuries and may be caused to incur additional expenses as she/he had to do so in the past.

29.   As a result of the aforementioned occurrence, plaintiff Barbara Ann Hansbury, to her great damage and loss, has been deprived of the society, comfort, services, assistance and consortium of her husband to which she is legally entitled, and will be deprived for an indefinite period of time in the future, all to her great financial and detriment.

WHEREFORE, plaintiffs Robert Hansbury and Barbara Ann Hansbury demands judgment against the defendants Charles Solomon, Jr., Surehaul Transport, Inc., and William Maldonado, individually, jointly, and/or severally for damages, interest and cost of suit.

**Respectfully Submitted,**

**FRANK & ROSEN**

**BY:**_____
**ALAN L. FRANK, ESQUIRE**
**LANCE S. ROSEN, ESQUIRE**
**MARC H. SNYDER, ESQUIRE**
**Attorneys for Plaintiffs**
**1835 Market Street**
**Suite 320**
**Philadelphia, PA 19103**