UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HANSBURY and BARBARA ANN HANSBURY, h/w<br><br>Plaintiffs,<br><br>v.<br><br>SUREHAUL TRANSPORT, INC., WILLIAM MALDONADO and CHARLES SOLOMON, JR.<br><br>Defendants. | CIVIL ACTION NO. 02CV3219 |

**MOTION TO COMPEL PLAINTIFFS' DISCOVERY ANSWERS**

Defendants, Surehaul Transport, Inc., William Maldonado and Charles Solomon, Jr. by and through their counsel, Post & Schell, P.C., hereby move this Court to compel Plaintiffs' Discovery Answers, and in support thereof aver as follows:

1. On June 26, 2002, Defendants forwarded Interrogatories and Request for Production of Documents to plaintiffs' counsel. A true and correct copy of the June 26, 2002 correspondence is attached hereto and marked as Exhibit "A."

2. Interrogatories sixteen (16), seventeen (17), seek information regarding plaintiffs' possible wage loss claim. A true and correct copy of Defendants' interrogatories are attached hereto and marked as Exhibit "B."

3. Interrogatories twenty-three (23) twenty-four (24) and twenty-five (25) seek information regarding witnesses who possibly observed the incident that allegedly caused Mr. Hansbury's injuries as well as possible statements of said witnesses. See Exhibit "B."

4. Plaintiffs have failed to provide answers to Defendants' interrogatories by indicating that they would provide the information sought "as discovery unfolds." A true and

correct copy of plaintiffs' Responses to Defendants' Interrogatories are attached hereto and marked as Exhibit "C."

5.  To date, Defendants have yet to receive plaintiffs' responses to Interrogatories sixteen (16), seventeen, (17) twenty-three, (23) twenty-four (24) or twenty-five (25). All discovery in the this matter, including the depositions of all witnesses, and all wage loss experts, must be concluded by November 15, 2002. A true and correct copy of the Court's Scheduling Order is attached hereto and marked as Exhibit "D." Defendants are extremely prejudiced if plaintiffs do not provide the aforementioned discovery.

WHEREFORE, Defendants respectfully request that this Honorable Court grant their Motion to Compel and enter the attached Order.

**POST & SCHELL, P.C.**

By: _____
Joseph R. Fowler
Attorneys For Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HANSBURY and BARBARA ANN HANSBURY, h/w<br><br>    Plaintiffs,<br><br>    v.<br><br>SUREHAUL TRANSPORT, INC., WILLIAM MALDONADO and CHARLES SOLOMON, JR.<br><br>    Defendants. | CIVIL ACTION NO. 02CV3219 |

## **ORDER**

AND NOW, this            day of                      , 2002 , upon consideration of Defendant's Motion to Compel Plaintiffs' Discovery Answers and Plaintiffs' response thereto, it is ORDERED and DECREED that said motion is GRANTED. Plaintiffs shall provide full and complete answers to Interrogatories 16, 17, 23, 24 and 25 within ten (10) days of the date of this Order.

BY THE COURT:

_____
                                              J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HANSBURY and BARBARA ANN HANSBURY, h/w<br><br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>SUREHAUL TRANSPORT, INC., WILLIAM MALDONADO and CHARLES SOLOMON, JR.<br><br>　　　　　Defendants. | CIVIL ACTION NO. 02CV3219 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION TO COMPEL PLAINTIFFS' DISCOVERY ANSWERS.**

　　　　This matter arises out of a July 27, 2000 incident at the Weber Packaging Plant. It is alleged that Charles Solomon, an employee and/or subcontractor of Surehaul Transportation, improperly moved a trailer while plaintiff was inside on a fork lift truck.

　　　　On June 26, 2002, Defendants forwarded Interrogatories and Request for Production of Documents to plaintiffs' counsel. A true and correct copy of the June 26, 2002 correspondence is attached hereto and marked as Exhibit "A." Interrogatories sixteen (16), seventeen (17), seek information regarding plaintiffs' possible wage loss claim. A true and correct copy of Defendants' interrogatories are attached hereto and marked as Exhibit "B." Interrogatories twenty-three (23) twenty-four (24) and twenty-five (25) seek information regarding witnesses who possibly observed the incident that allegedly caused Mr. Hansbury's injuries as well as possible statements of said witnesses. See Exhibit "B."

　　　　Plaintiffs have failed to provide answers to Defendants' interrogatories by indicating that they would provide the information sought "as discovery unfolds." A true and correct copy of

plaintiffs' Responses to Defendants' Interrogatories are attached hereto and marked as Exhibit "C."

To date, Defendants have yet to receive plaintiffs' responses to Interrogatories sixteen, (16) seventeen, (17) twenty-three, (23) twenty-four (24) or twenty-five (25). All discovery in this matter, including the depositions of all witnesses, and all wage loss experts, must be concluded by November 15, 2002. A true and correct copy of the Court's Scheduling Order is attached hereto and marked as Exhibit "D." Defendants are extremely prejudiced if plaintiffs do not provide the aforementioned discovery.

Defendants respectfully request that this Honorable Court grant their Motion to Compel and enter the attached Order.

**POST & SCHELL, P.C.**

By: _____
Joseph R. Fowler
Attorneys For Defendants