UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT HANSBURY and** : <br> **BARBARA ANN HANSBURY, h/w,** : <br> : <br> Plaintiff : C.A. No.: 02-3219 <br> : <br> v. : <br> : <br> **SUREHAUL TRANSPORT, INC.,** : **JURY TRIAL DEMANDED** <br> **WILLIAM MALDONADO** : <br> **and CHARLES SOLOMON, JR.** : <br> : <br> Defendants. : | |

### PLAINTIFFS' EMERGENCY NOTICE OF MOTION TO COMPEL DEFENDANTS TO PRODUCE DEFENDANT CHARLES SOLOMON, JR. FOR DEPOSITION, PURSUANT TO F.R.C.P.37

To:   Joseph R. Fowler, Esquire
      Post & Shell, P.C.
      1800 J.F.K. Boulevard
      Philadelphia, PA 19103

PLEASE TAKE NOTICE THAT, Plaintiffs, Robert Hansbury and Barbara Ann Hansbury, h/w, will make application to the United States District Court for the Eastern District of Pennsylvania for an Order compelling Defendants to present Defendant Charles Solomon, Jr., for oral deposition within three (3) days of the attached Order. An Emergency Motion and proposed Order are attached hereto.

FRANK & ROSEN

By: _____
MARC H. SNYDER, ESQUIRE
Attorneys for Plaintiffs

DATED: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT HANSBURY and BARBARA ANN HANSBURY, h/w,** : : : | |
| **Plaintiff** : : | C.A. No.: 02-3219 |
| **v.** : : | |
| **SUREHAUL TRANSPORT, INC., WILLIAM MALDONADO and CHARLES SOLOMON, JR.** : : : : | **JURY TRIAL DEMANDED** |
| **Defendants.** : | |

## ORDER

  AND NOW, this _____ day of _____, 2002, upon consideration of Plaintiffs, Robert and Barbara Ann Hansbury's Emergency Motion to Compel Defendant s to present Defendant Charles Solomon, Jr. for deposition, it is hereby ORDERED that said Motion is GRANTED, and Defendants shall present Defendant Charles Solomon, Jr. for deposition testimony, within three (3) days of the dater of this Order, or Defendants shall be precluded from presenting Charles Solomon, Jr.'s testimony at trial.

  Defendants are further ordered to pay Plaintiffs' attorneys' fees for their time to prepare for Charles Solomon, Jr. scheduled depositions, on September 27, 2002 and November 1, 2002, in the amount of $300.00 ($150/hr x 2 hours).

                                                   J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HANSBURY and** | : | |
| **BARBARA ANN HANSBURY, h/w,** | : | |
| | : | |
| **Plaintiff** | : | C.A. No.: 02-3219 |
| | : | |
| v. | : | |
| | : | |
| **SUREHAUL TRANSPORT, INC.,** | : | **JURY TRIAL DEMANDED** |
| **WILLIAM MALDONADO** | : | |
| **and CHARLES SOLOMON, JR.** | : | |
| | : | |
| **Defendants.** | : | |

### PLAINTIFFS' EMERGENCY MOTION TO COMPEL DEFENDANTS TO PRODUCE DEFENDANT CHARLES SOLOMON, JR. FOR DEPOSITION, PURSUANT TO F.R.C.P. 37

Plaintiffs, Robert Hansbury and Barbara Ann Hansbury (hereinafter "Plaintiffs"), by and though their attorneys, Frank & Rosen, hereby move this Honorable Court pursuant to Federal Rule of Civil Procedure 37(a) for an Order compelling Defendants to present Defendant Charles Solomon, Jr., for deposition. In support thereof, Plaintiffs alleges the following:

1.      The above-matter is a personal injury lawsuit in which Plaintiffs' allege that Plaintiff Robert Hansbury (Hansbury) sustained serious injuries when he was caused to fall off the rear of a moving tractor-trailer while operating a forklift. Plaintiffs allege that said accident occurred when Defendant Charles Solomon, Jr. (Solomon) negligently removed the tractor-trailer from its dock while Hansbury was loading cargo on a forklift in the rear of the trailer.

2.      Beginning in or about July 2002, Plaintiffs' attorneys requested Solomon be made available for deposition.

3.      On or about August 7, 2002, Defendants' counsel, Joseph Fowler, Esquire,

confirmed that Solomon would be presented for deposition testimony, on September 27, 2002. The scheduling of Solomon's deposition was confirmed via correspondence, dated August 7, 2002 (Exhibit "A").

4. Solomon failed to attend his scheduled September 27, 2002, deposition.

5. Solomon's deposition was eventually rescheduled for November 1, 2002, at 1:00 p.m. The re-scheduling of Solomon's deposition was confirmed via correspondence and Notice of Deposition, dated October 17, 2002. (Exhibit "B").

6. At or about 12:30 p.m. on November 1, 2002 (approximately 30 minutes prior to the scheduled deposition), the undersigned attorney learned from Defendants' counsel, Joseph Fowler, Esquire that Solomon was once again not going to attend his (re)scheduled deposition.

7. The Scheduling Order dated September 9, 2002, requires that all discovery be completed by November 15, 2002. (Exhibit "C").

8. Plaintiffs will be extremely prejudiced in their efforts to both adequately prepare for trial, and prosecute its case at trial, without Solomon's deposition testimony.

WHEREFORE, Plaintiffs, Robert and Barbara Ann Hansbury, h/w, respectfully request the Court to enter an Order requiring Defendants to produce Defendant Charles Solomon, Jr., for deposition within three (3) days of the date of the attached Order or be precluded from presenting Charles Solomon, Jr. as a witness at trial. Plaintiffs further request that Defendants pay Plaintiffs' Attorneys' fees for the time spent to prepare for Charles Solomon, Jr.'s scheduled depositions of September 27, 2002 and November 1, 2002.

                                                  Respectfully submitted,

                                                  FRANK & ROSEN

                                  By: _____
                                                MARC H. SNYDER, ESQUIRE
                                                Attorneys for Plaintiffs

DATED: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT HANSBURY and** | : | |
| **BARBARA ANN HANSBURY, h/w,** | : | |
| | : | |
| **Plaintiff** | : | C.A. No.: 02-3219 |
| | : | |
| v. | : | |
| | : | |
| **SUREHAUL TRANSPORT, INC.,** | : | **JURY TRIAL DEMANDED** |
| **WILLIAM MALDONADO** | : | |
| **and CHARLES SOLOMON, JR.** | : | |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF GOOD FAITH EFFORT

I, Marc H. Snyder, Esquire hereby certify that I have attempted in good faith to resolve this discovery dispute with counsel for Defendants, and after reasonable effort, this dispute is unable to be resolved.

                                                FRANK & ROSEN

                                        By:  _____
                                                MARC H. SNYDER, ESQUIRE
                                                Attorneys for Plaintiffs

DATED: _____

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiffs' Emergency Motion to Compel was served on counsel listed below via United States First Class Mail, postage pre-paid, on \_\_\_\_\_ _____.

Joseph R. Fowler, Esquire
Post & Shell, P.C.
1800 J.F.K. Boulevard
Philadelphia, PA 19103

FRANK & ROSEN

By: _____
MARC H. SNYDER, ESQUIRE
Attorneys for Plaintiffs

DATED: _____