UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HANSBURY and BARBARA ANN HANSBURY, h/w<br><br>Plaintiffs,<br><br>v.<br><br>SUREHAUL TRANSPORT, INC., WILLIAM MALDONADO and CHARLES SOLOMON, JR.<br><br>Defendants. | Civil Action No. 02CV3219 |

**MOTION TO EXTEND EXPERT**
**<u>DISCOVERY DEADLINE</u>**

1. The above-captioned personal injury action arises out of a May 18, 2000 accident. Plaintiff alleges serious personal injuries as a result of defendant moving a tractor-trailer that plaintiff occupied at the time of this incident. Plaintiff alleges that as a result of defendant's actions, plaintiff fell out of the back of the open trailer while seated in a fork lift.

2. On September 9, 2002, this court issued a Scheduling Order requiring the completion of discovery by November 15, 2002.

3. This court entered an Agreed Upon Amended Scheduling Order on November 21, 2002, requiring that Defendants' expert reports are due on January 15, 2003.

4. On December 11, 2002, by way of plaintiff's pre-trial conference memorandum, Defendants first received a copy of a report drafted by plaintiff's bio-mechanical expert, Dr. Steven Batterman.

5. Dr. Batterman's report contains numerous allegations regarding the standard of care which must be furnished by the operator of a tractor-trailer when removing a trailer from a loading dock.

6. Defendants have obtained a trucking expert to review Dr. Batterman's conclusions regarding the standard of care owed by an operator of a tractor-trailer when removing a trailer from a loading dock.

7. Unfortunately, Defendants' trucking liability expert recently suffered a stroke. Luckily, Defendants' expert will make a full recovery, however, he is currently hindered in his ability to timely provide an expert report pursuant to the courts Agreed Upon Amended Scheduling Order of November 21, 2002. While defendants trucking liability expert is able to continue working, he is regrettably forced to do so at a slower pace.

8. The parties have worked diligently to complete discovery in this case. However, defendants request an extension of the expert discovery deadline in order obtain the report of defendants' trucking liability expert to rebut the report of plaintiff's biomechanical expert, Dr. Steven Batterman regarding the standard of care owed by an operator of a tractor-trailer when removing a trailer from a loading dock.

9. The request for delay is not occasioned by any act or failure to act of defendants or their counsel. To date, the following discovery has taken place:

    A. Parties have exchanged and answered Interrogatories and Request for Production of Documents.

    B. Plaintiff's deposition was completed on November 12, 2002.

    C. The deposition of plaintiff's wife with regard to a loss of consortium claim was completed on October 17, 2002.

    D. The inspection of the fork lift which plaintiff was riding at the time of this accident, as well as the area where the accident took place, was to be completed by both plaintiff's and defendant's biomechanical engineers on October 14, 2002. The inspection was unilaterally canceled by plaintiff's counsel, and rescheduled to November 5, 2002. Plaintiff's counsel did not forward a copy of his biomechanical experts report until December 11, 2002.

    E. Defendant filed a Motion to Compel Answers to Expert Interrogatories with this court. Plaintiff has responded by providing the expert reports of their

vocational expert (Mark Lukas, Ed.D.), orthopedic surgeon (Evelyn Witkin, M.D.), neurosurgeon (Dr. Leonard Bruno), biomechanical expert (Dr. Steven Batterman) and economist (Dr. Andrew G. Verzilli).

F.   Plaintiff's IME was completed on October 30, 2002, by Dr. Anthony Puglisi.

G.   Plaintiff's vocational examination was completed by Dr. Donald Jennings on October 1, 2002.

H.   Defendants have forwarded the reports of both Dr. Puglisi (medical expert) and Dr. Jennings (vocational expert) to plaintiff.

I.   Defendants obtained a biomechanical expert, Dr, Lawrence Thibault, as well as a trucking liability expert. Dr. Thibault's report will be forwarded to plaintiff by the deadline set forth in the Agreed Upon Amended Scheduling Order of November 21, 2002.  Defendants are only awaiting the report of Defendants' trucking liability expert, which has unfortunately been delayed due to the unexpected stroke he recently suffered.

10.   Defendants only seeks an extension of the expert report deadline as it pertains to their trucking liability expert's report. Defendants have already provided their medical experts report and will provide their biomechanical experts report by the previously agreed upon deadline as set forth in the Agreed Upon Amended Scheduling Order of November 21, 2002.

11.   Plaintiff's counsel opposes this request for continuance.

12.   One prior request for an extension of the expert report deadlines has been made.

WHEREFORE, Defendants respectfully request a thirty (30) day extension of the expert discovery deadline only.

**POST & SCHELL, P.C.**

_____
**JOSEPH R. FOWLER, ESQUIRE**
Attorney for Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HANSBURY and BARBARA ANN HANSBURY, h/w<br><br>Plaintiffs,<br><br>v.<br><br>SUREHAUL TRANSPORT, INC., WILLIAM MALDONADO and CHARLES SOLOMON, JR.<br><br>Defendants. | Civil Action No. 02CV3219 |

## ORDER

AND NOW, this      day of January, 2003, upon consideration of Defendants, Surehaul Transport, Inc., William Maldonado and Charles Solomon's, Motion to Extend Expert Deadlines, said Motion is **GRANTED**, and it is hereby **ORDERED** and **DECREED** that the expert discovery deadline under the Agreed Upon Amended Scheduling Order of November 21, 2002 shall be extended 30 days until February 14, 2003.


RONALD L. BUCKWALTER, J.:


BY: _____
Mathew J. Higgins,
Deputy Clerk